[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 7, 2011
JOHN LEY
CLERK

_____

No. 11-12147
Non-Argument Calendar

_____

D.C. Docket No. 1:10-cr-20697-JAL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OCTAVIO ALBERTO CALVO GOMEZ,
a.k.a. Octavio Alberto Calvo-Gomez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 7, 2011)

Before MARCUS, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Octavio Alberto Calvo Gomez appeals his 60-month sentence imposed after pleading guilty to possession of a visual depiction of a minor engaged in sexual conduct in violation of 18 U.S.C. 2252(a)(4)(B). Gomez argues that the court erred in applying the number-of-images enhancement, pursuant to U.S.S.G. § 2G2.2(b)(7)(A), because Congress's enactment of that provision violated the separation-of-powers doctrine. After thorough review, we affirm.

We review questions of law dealing with the Sentencing Guidelines de novo. United States v. Kapordelis, 569 F.3d 1291, 1314 (11th Cir. 2009), cert. denied, 130 S.Ct. 1315 (2010). The Guideline at issue, U.S.S.G. § 2G2.2(b)(7)(A), derives from the Protect Act, Pub.L.No. 108-21, § 401(i), 117 Stat. 650, 672-73 (2003), under which Congress directly amended § 2G2.4(b) with increased offense levels corresponding to the number of images possessed. Under section 2G2.2(b)(7)(A), a defendant's offense level is increased by 2 if he possessed between 10 and 150 images of child pornography.

The Sentencing Commission is established as an independent commission in the U.S. judicial branch. 28 U.S.C. § 991(a). In Mistretta v. United States, the Supreme Court held that Congress's creation of the Commission, as well as the inclusion of federal judges on the Commission, did not violate the Constitution's nondelegation and separation-of-powers doctrines. 488 U.S. 361, 412 (1989).

Contrary to Gomez's arguments, we agree with our sister circuits that Congress's creation of the enhancement in U.S.S.G. § 2G2.2(b)(7)(A) was constitutional. See, e.g., United States v. Rodgers, 610 F.3d 975, 977-78 (7th Cir. 2010) (persuasive authority) (holding that Congress's creation of the guideline provision was constitutional because Congress retained the power to amend the Sentencing Guidelines when it created the Sentencing Commission); United States v. Bastian, 603 F.3d 460, 464-65 (8th Cir. 2010) (persuasive authority) (holding that, under Mistretta, U.S.S.G. § 2G2.2(b)(7)(D) was created constitutionally). Indeed, in determining that the Sentencing Commission was "an independent agency," the Supreme Court in Mistretta held that "the Commission is fully accountable to Congress, which can revoke or amend any or all of the Guidelines as it sees fit." 488 U.S. at 393-94; cf. United States v. Osburn, 955 F.2d 1500, 1504-05 (11th Cir. 1992) ("Federal legislation mandating length of sentences does not violate the separation of powers doctrine."). Accordingly, we affirm.

**AFFIRMED.**